UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J.G.<br><br>　　　　Plaintiff,<br>　　v.<br><br>TYLER JONES a/k/a TYLER JOHN JONES<br><br>　　　　Defendant | Case No. 24-cv-08232<br><br>DECLARATION OF DANIEL S. SZALKIEWICZ IN SUPPORT OF PRE-ANSWER DISCOVREY |

DANIEL S. SZALKIEWICZ declares as follows:

1. I am a partner at the law firm of Daniel Szalkiewicz & Associates, P.C., attorneys for the plaintiff in the above-captioned action. I submit this declaration pursuant to this Court's text order (DE 15) and in further support of Plaintiff's application for pre-answer discovery pursuant to Fed. R. Civ. P. 26(d)(1).

2. Defendant has defaulted in this action and this matter is currently scheduled for an inquest on damages on February 19, 2025.

**Background of Action and Allegations in Complaint**

3. Defendant TYLER JONES a/k/a TYLER JOHN JONES ("Jones" or "Defendant") was dating one of Plaintiff's close friends. In 2022, Defendant asked to borrow Plaintiff's phone, located her naked images, and stole them – first by taking photos with his own phone and later using Apple's airdrop feature.

4. Once in possession of Plaintiff's naked images, Defendant blanketed the internet with them on a near daily basis, often including alongside the images her name, workplace, height, age, and other identifying characteristics. He boasted to his many followers about how he had stolen the images without Plaintiff suspecting a thing.

5. Next, Defendant began approaching Plaintiff's friends online through social media. Defendant sent the images to Plaintiff's friends and attempted to engage them in further salacious conversation about Plaintiff and her body.

6. Approximately one year after the initial theft, Plaintiff learned that her images were online and deduced who was responsible for uploading them. Plaintiff worked tirelessly to erase Defendant's regular postings until his devices were seized by the police. She continues to combat third party posters to this day.

7. Defendant uploaded Plaintiff's intimate content online more than 100 times.

8. On or about March 7, 2024, Jones' devices were seized by the New Jersey State police. Later that same day, Defendant confessed to his partner, Plaintiff's friend, what he had done to Plaintiff.

9. Despite being served with the Complaint, Defendant has chosen not to answer and, on January 15, 2025, a default judgment was entered against him.

**Entitlement to Punitive Damages**

10. The February 19, 2025 inquest will focus on Plaintiff's four causes of action, including violations of 15 USC § 6851 and N.J.S.A. 2A:58D-1. Both statues permit punitive damages. *See Doe v. McCoy*, No. 1:23-cv-3169-MLB, 2024 U.S. Dist. LEXIS 33901, at *1 (N.D. Ga. Feb. 28, 2024); *see also S.S. v. Collins,* Civil Action No. 23-0892 (KMW-AMD), 2024 U.S. Dist. LEXIS 135664, at *2 (D.N.J. July 31, 2024). Under New Jersey's punitive damages act, a court considers all relevant evidence, including but not limited to: (1) the likelihood, at the relevant time, that serious harm would arise from the defendant's conduct; (2) defendant's awareness or reckless disregard of the likelihood that the serious harm at issue would arise from

the defendant's conduct; (3) the conduct of the defendant upon learning that its initial conduct would likely cause harm; and (4) the duration of the conduct or any concealment of it by the defendant." *N.J. Stat. § 2A:15-5.12* (LexisNexis, Lexis Advance through New Jersey 221st First Annual Session, L. 2024, c. 95 and J.R. 3 \*\*\*). The court should also consider "[t]he profitability of the misconduct to the defendant; [w]hen the misconduct was terminated; and [t]he financial condition of the defendant." *Id.*

11. The evidence shows Plaintiff's entitlement to punitive damages in this case. Defendant has previously pleaded guilty to criminal invasion of privacy in the Delaware County Court of Common Pleas. *See Exhibit 1*.

12. Newspaper articles at the time of Defendant's guilty plea indicate that the charges stemmed from the "dissemination of child pornography for secretly videotaping three women as they were dressing and posting the videos online." *See Exhibit 2*.

13. In 2016, Defendant posted online an "Ask Me Anything" bragging about his crimes and posting screenshots of the videos he original shared.

14. When Plaintiff's friend and Defendant's significant other confronted Defendant about her images being put online, Defendant denied his involvement. He then went on a rampage of posting her images online and only stopped once police seized his devices.

**Specific Discovery Requests**

15. In Plaintiff's letter motion, Plaintiff requested the ability to subpoena (a)Verizon, (b) Hivemind Construction, (c) AT&T, (d) Venmo, (d) Wells Fargo, and (e) Google LLC. Each of these corporations possess information which is materially relevant to the inquest.

a. **Verizon Subpoena (Exhibit 3)**

16. The website Defendant used to distribute Plaintiff's images, 4chan, provided Plaintiff with IP addresses associated with the individual posts (Exhibit 4).

17. The records show that, between January 14, 2024 and March 3, 2024, Plaintiff's images and other relevant posts were made with a device using the IP address 71.162.241.154 at least 364 times.

18. The IP address 71.162.241.154 is registered to Verizon. *See Exhibit 5*.

19. While Defendant has already admitted his guilt and the New Jersey police have indicated the IP address is registered to Defendant, the Verizon subpoena records will definitively show Defendant's responsibility. The records will also contain billing information that can be used to determine Defendant's "financial condition."

b. **Hivemind Construction (Exhibit 6)**

20. Defendant was, and potentially still is, an employee of Hivemind Construction. The subpoena seeks information concerning Defendant's salary and rate of pay, which goes directly to Defendant's "financial condition[.]"

c. **AT&T (Exhibit 7)**

21. Defendant's cell phone number is 215-475-2976 and his provider is AT&T.

22. The subpoena seeks only payment information to be able to identify Defendant's bank accounts, which will permit Plaintiff to learn Defendant's "financial condition."

d. **Venmo Subpoena (Exhibit 8)**

23. Plaintiff is aware that Defendant utilizes Venmo for some of his financial transactions. *See Exhibit* 9.

24. The information once again will provide Plaintiff and the Court with valuable insight into Defendant's "financial condition."

### e. Well Fargo Subpoena (Exhibit 10)

25. Defendant's former significant other has informed Plaintiff that Defendant has a bank account with Wells Fargo. The subpoena is designed to provide Plaintiff with important information concerning Defendant's "financial condition."

### f. Google LLC Subpoena (Exhibit 11).

26. Finally, Plaintiff requests the ability to serve Google LLC for account information relating to the Gmail address grocermcgill@gmail.com.

27. As detailed in the Complaint and above, Jones began using the Instagram account @paladopoliz to message her friends concerning the naked photographs he had stolen. More specifically, to one person Defendant sent intimate images then wrote "Thoughts?...Feels bad but feels good? Her face is cute, her body is better…What does that mean I can keep going…Hard not to want more?...Good…Another?...Another?"

28. Instagram has indicated the email address associated with the account is grocermcgill@gmail.com. *See Exhibit 12*.

29. It is also the same email address Jones used during his Ask Me Anything and in the past on 4chan. *See Exhibit 13*.

30. The information relating to the email address goes directly toward Jones' previous conduct and liability in this matter.

I certify under penalty of perjury that the foregoing is true and correct. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: January 22, 2025

*/s/Daniel Szalkiewicz, Esq.*
Daniel S. Szalkiewicz
